**TALBOT et, Plaintiffs-Appellees, v. RESLER et, Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 2171.   Decided April 10, 1952.

Miller & Compton, Dayton, for plaintiffs-appellees.
Shaman, Winer & Shulman, Dayton, for defendants-appellants.

## OPINION

By HORNBECK, PJ:

This is an appeal from a judgment of the Common Pleas Court affirming an order of the Municipal Court of the City of Dayton, Ohio, granting a writ of restitution of premises to plaintiffs on an action in forcible entry and detainer.

The record is made by a stipulation of the parties.

Four errors are assigned, the first and fourth of which are dependent upon the determination of the second and third.

The second assignment is:

"The court erred in overruling appellants' motion to dismiss appellees' action for its having been continued longer than eight days after the appearance date."

The statute invoked by the appellants to support the second assignment of error, is §10455 GC:

"No continuance (in forcible entry and detainer cases) shall defendant, applying therefor gives a bond to the adverse defendant, appllying therefor gives a bond to the adverse party, * * * conditioned for the payment of rent that may accrue, if judgment be rendered against him."

This section is controlling only if defendant, by application, invokes its provisions. It is for the benefit of the plaintiff to make certain that if a continuance is granted for more than eight days he will be assured of his rent, if he eventually prevails in his action. It has no application to the situation here stipulated, viz: that

"Before trial, and at the request of the plaintiffs and on the consent of the defendants, the trial was continued from the 20th of March, 1951 to April 6, 1951."

There would be some analogy to §10378 GC, which defendants cite had they without the consent of the plaintiffs made application for a continuance from the date set for the hearing. However, the cited section does not purport to affect or control the jurisdiction of the Court to hear and dispose of the action.

The continuance was granted on the application of the plaintiffs and even though the defendant had not consented no prejudice to them appears. But defendants consented to the continuance. How then can he be heard to question its regularity and validity?

The third assignment of error is:

"The Court erred in overruling appellants' motion to dis-

miss appellees' action at the conclusion of appellees' case for failure to prove a copy of their Statement of Claim had been sent to the Dayton Area Rent Office."

A reading of Section 825.6 (b) (2) of the Rent Regulations under the Housing and Rent Act of 1947, as amended, upon which the appellants rely, is convincing that a copy of notice to tenant was not required to be sent to the Dayton Area Rent Office because the forcible detention action was not instituted on any grounds set out in Par. (a) of Section 825.6, a prerequisite to the necessity of the presentation of such copy to said office.

No error assigned is established.

The judgment of the Common Pleas Court will be affirmed and the cause remanded to the Common Pleas Court.

WISEMAN and MILLER, JJ, concur.